■ DOROTHY SPISTO et al., Respondents, v REGINA FOODS, INC., Appellant. — In an action to recover damages for personal injuries, etc., defendant appeals from so much of an order of the Supreme Court, Kings County (Hirsch, J.), dated October 21, 1980, as, upon reargument, adhered to the original determination denying its motion to (1) vacate an order of attachment of its liability insurer's obligation to defend and indemnify it in New York and (2) dismiss the complaint based upon vacatur of the order of attachment. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, order dated June 13, 1980 vacated, motion granted, order of attachment vacated and complaint dismissed. In this action, quasi in rem jurisdiction was obtained by an order of attachment dated November 21, 1979. On January 21, 1980, the United States Supreme Court held, in *Rush v Savchuk* (444 US 320), that the type of jurisdiction based on the attachment of an out-of-State liability insurer's obligation to defend and indemnify its insured in New York violated due process and was, therefore, invalid. Approximately five weeks after the *Rush* decision, plaintiffs served their summons and complaint. Defendant's motion to dismiss, based on *Rush,* followed before an answer was interposed. In an order dated June 13, 1980, which was not appealed from, the court (Hirsch, J.), denied the motion. Defendant moved for reargument, which the court, in the order appealed from, granted. Upon reargument, however, the court adhered to the original decision. Special Term erred in denying the motion. Once there has been a timely and specific objection to the assertion of quasi in rem jurisdiction, the court must dismiss the action (see *Gager v White,* 53 NY2d 475). Damiani, J. P., O'Connor, Bracken and Brown, JJ., concur.